1   Christin Cho (Cal. Bar No. 238173)
    christin@dovel.com
2   Simon Franzini (Cal. Bar No. 287631)
    simon@dovel.com
3   Grace Bennett (Cal. Bar No. 345948)
    grace@dovel.com
4   DOVEL & LUNER, LLP
5   201 Santa Monica Blvd., Suite 600
    Santa Monica, California 90401
6   Telephone: (310) 656-7066
7   Facsimile: (310) 656-7069

8   *Attorneys for Plaintiff*

9

10              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
11

12  ALEXANDRIA LEE, individually          Case No. 3:23-cv-02412
    and on behalf of all others similarly
13  situated,                             **CLASS ACTION COMPLAINT**

14          *Plaintiff*,                  **DEMAND FOR JURY TRIAL**

15  v.

16
    RUGSUSA, LLC,
17

18          *Defendant*.

19

20

21

22

23

24

25

26

27

28

**Table of Contents**

I.      Introduction. ................................................................................................................. 1

II.     Parties. ........................................................................................................................ 3

III.    Jurisdiction and Venue. .............................................................................................. 3

IV.     Facts. ........................................................................................................................... 4

        A.      Defendant's fake sales and discounts. .............................................................. 4

        B.      Defendant's advertisements are unfair, deceptive, and unlawful. ................... 8

        C.      Defendant's advertisements harm consumers. ................................................. 9

        D.      Plaintiff was misled by Defendant's misrepresentations. ............................. 10

        E.      No adequate remedy at law. ........................................................................... 10

V.      Class Action Allegations. ......................................................................................... 11

VI.     Claims. ...................................................................................................................... 12

        First Cause of Action: Violation of California's False Advertising Law, Bus. & Prof. Code
                §§ 17500 et. seq. ............................................................................................ 12

        Second Cause of Action: Violation of California's Consumer Legal Remedies Act ............. 13

        Third Cause of Action: Violation of California's Unfair Competition Law ........................... 16

        Fourth Cause of Action: Quasi-Contract/Unjust Enrichment ............................................... 17

        Fifth Cause of Action: Negligent Misrepresentation ............................................................. 18

        Sixth Cause of Action: Intentional Misrepresentation ........................................................... 19

VII.    Demand For Jury Trial. ............................................................................................ 19

VIII.   Relief. ....................................................................................................................... 20

## I. Introduction.

1. Advertised "sale" prices are important to consumers. Consumers are more likely to purchase an item if they know that they are getting a good deal. Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2. While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3. California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes statements falsely suggesting that a product is on sale, when it actually is not. Moreover, California's False Advertising Law specifically provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501.

4. Likewise, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9), (13).

5. In addition, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case. 16 C.F.R. § 233.1.

6. So, as numerous courts have found, fake sales violate these laws. They also violate California's general prohibition on unlawful, unfair, and deceptive business practices. *See* Cal. Bus. & Prof. Code § 17200.

7.     Defendant RugsUSA, LLC ("RugsUSA" or "Defendant") makes, sells, and markets rugs and home accessory products ("RugsUSA Products" or "Products").  The Products are sold online through Defendant's website, www.rugsusa.com.

8.     Defendant's website prominently advertises purportedly time-limited, sitewide sales.  These advertisements include purported regular prices and purported discounts.  For example:





9.     In addition, Defendant advertises purported discounts off regular prices.  These advertisements include a purported discount price, alongside a strike-out of a purported regular price:





10.     But these advertisements are false.  Defendant always offers sitewide discounts, so it never sells any of its Products at the purported regular price.  The sales are not limited in time, but instead continue to be available.

11.     Mrs. Lee bought rugs and rug pads from Defendant online on www.rugsusa.com. Like Defendant's other customers, when Plaintiff bought the Products, Defendant advertised that a purported sale was going on, and that the Products were heavily discounted.  Plaintiff believed that the Products that she purchased usually retailed for the displayed regular prices.  She further believed that she was getting a substantial discount from the regular prices, and that the sale would end soon. These reasonable beliefs are what caused her to buy from Defendant.  If she had known that the Products she purchased were not on sale, she would not have bought them.

12.     But none of that was true.  Defendant's published regular prices were not the prevailing regular prices.  The sale Defendant advertised was not really a time-limited sale.  Had Defendant been truthful, Plaintiff and other consumers would not have purchased the Products or would have paid less for them.

13.     Plaintiff brings this case for herself and the other customers who purchased RugsUSA Products.

## II.     Parties.

14.     Plaintiff Alexandria Lee is domiciled in San Francisco, California.

15.     The proposed class includes citizens of every state.

16.     Defendant RugsUSA, LLC is a Delaware company with its principal place of business at 286 Prospect Plains Road, Cranbury, New Jersey, 08512.

## III.     Jurisdiction and Venue.

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

18.     This Court has personal jurisdiction over Defendant.  Defendant does business in California.  It advertises and sells its Products in California, and serves a market for its Products in California.  Due to Defendant's actions, its Products have been marketed and sold to consumers in

California, and harmed consumers in California.  Plaintiff's claims arise out of Defendant's contacts with this forum.  Due to Defendant's actions, Plaintiff purchased Defendant's Products in California, and was harmed in California.

19.     Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state.  Defendant advertises and sells its Products to customers in this District, serves a market for its Products in this District, and Plaintiff's claims arise out of Defendant's contacts in this forum. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred here.

20.     <u>Divisional Assignment</u>. This case should be assigned to the San Francisco Division. *See* L.R. 3-2(c).  A substantial part of the events giving rise to the claims occurred in San Francisco, California.

**IV.     Facts.**

**A.     Defendant's fake sales and discounts.**

21.     Defendant makes, sells, and markets rugs and home accessory products, including but not limited to, area rugs, rug pads, and floor mats.  Defendant sells its Products directly to consumers online, through its website, www.rugsusa.com.

22.     Defendant's website creates an illusion that customers are receiving a limited-time discount.  Defendant does this by advertising fake limited-time sales, fake regular prices, and fake discounts based on the fake regular prices.  For example, Defendant advertises purportedly time-limited sales where consumers can receive "up to 75% off" on all RugsUSA Products:

1
2
3
4
5
6
7
8

Captured May 15, 2021

9       23.      But RugsUSA Products are always on sale, and these sales persist.  For example,

10  Defendant has prominently displayed, for over a year, a sale on all RugsUSA Products on its website.

11  These sales are designed to induce consumers to purchase its Products under the mistaken belief that

12  they are getting a significant bargain because they are buying while the sale is going on.  Example

13  screen captures showing sales at various points throughout 2021 and 2022 are shown below and on

14  the following page:

15
16
17
18
19
20
21
22



23                                                                     Captured December 28, 2021

24
25
26
27
28



Captured February 8, 2022



Captured July 1, 2022

Captured November 7, 2022

24. Defendant's sales on all RugsUSA Products have persisted continuously since at least January 20, 2021. Indeed, on 100 percent of 46 archived snapshots of Defendant's site on archive.org between January 20, 2021, and April 10, 2023, Defendant was running a purportedly time-limited discount on all RugsUSA Products of up to at least 60% every time that the website was checked.[1]

25. In addition, Defendant's website lists fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

26. For example, on August 13, 2022, Defendant advertised "[u]p to 75% off" for all RugsUSA Products. On this day, Defendant offered its Jute Braided Rug, which has a purported regular price of $109:



27. But the truth is, the Jute Braided Rug's listed regular price of $109 is not its prevailing price. Instead, it is always at a discount from the purported regular price (e.g., on August 13, 2022, it was on sale for $49; on December 21, 2022, it was on sale for $51, this time with a purported regular price of $114).

---

[1] The Internet Archive, available at archive.org, is a library that archives web pages. https://archive.org/about/

28.     By listing fake regular prices and fake discounts, Defendant misleads consumers into believing that they are getting a good deal.

**B.      Defendant's advertisements are unfair, deceptive, and unlawful.**

29.     California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading.  Cal. Bus. & Prof. Code § 17500.  This includes statements falsely suggesting that a product is on sale, when it actually is not.  Moreover, California's False Advertising Law specifically provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code § 17501.

30.     In addition, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9), (13).

31.     In addition, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

32.     And finally, California's Unfair Competition Law bans unlawful, unfair, and deceptive business practices.  *See* Cal. Bus. & Prof. Code § 17200.

33.     Here, as described in detail above, Defendant made untrue and misleading statements about its prices.  Defendant advertised former prices that were not true former prices and were not the prevailing market price in the three months immediately preceding the advertisement.  In addition, Defendant advertised goods or services with the intent not to sell them as advertised, for example, by advertising goods having certain former prices and/or market values without the intent to sell goods having those former prices and/or market values.  Defendant made false or misleading statements of fact concerning the reasons for, existence of, and amounts of price reductions,

including false statements regarding the reasons for its sitewide sales (e.g., advertising a seasonal "New Year's Sale," when in fact the sale is ongoing), the existence of sitewide sales, and the amounts of price reductions resulting from those sales.  And Defendant engaged in unlawful, unfair, and deceptive business practices.

**C.    Defendant's advertisements harm consumers.**

34.    Based on Defendant's advertisements, reasonable consumers would expect that the listed regular prices are former prices at which Defendant actually sells its Products, and are the prevailing prices for the Products.

35.    Reasonable consumers would also expect that, if they purchase during the sale, they will receive an item whose regular price and/or market value is the advertised regular price and that they will receive the advertised discount from the regular purchase price.

36.    In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a product with a higher regular price and/or market value at a substantial discount.

37.    Consumers that are presented with discounts are substantially more likely to make the purchase.  "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[2]  And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[3]

38.    Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[4]

---

[2] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.
[3] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).
[4] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

39.     Thus, Defendant's advertisements harm consumers by inducing them to make purchases based on false information.

**D.     Plaintiff was misled by Defendant's misrepresentations.**

40.     On September 16, 2020, Mrs. Lee purchased a Rugs USA Beige Raised Stripes Tassel Rug, a Rugs USA Padding White Standard Rug Pad, a Rugs USA Cream Solid Shag Tassel Rug, a Rugs USA Padding White Standard Rug Pad, and a Rugs USA Natural Stallion Rug from Defendant. She purchased the Products from Defendant's website, www.rugsusa.com, while living in San Francisco, California.  When she made the purchase, the website represented that each Product had a regular price and a discounted price.  For example, the discounted price of the Rugs USA Beige Raised Stripes Rug was $82.90, discounted from a higher regular price.  Mrs. Lee's email confirmation represented that Mrs. Lee's total discounted price was $459.78 plus tax.

41.     Mrs. Lee read and relied on the representations on the website that the Products had the published regular prices and that those were their market value, and that she was receiving the advertised discounts as compared to the regular prices.  She also relied on the representations that the sale was limited in time, and would end soon.  She would not have made the purchase if she had known that the Products were not discounted as advertised, and that she was not receiving the advertised discounts.

42.     Mrs. Lee faces an imminent threat of future harm.  Mrs. Lee would purchase RugsUSA Products again if she could feel sure that Defendant would not illegally deceive her.  But without an injunction, she cannot trust that Defendant will comply with the consumer protection statutes.  Accordingly, Mrs. Lee is unable to rely on Defendant's advertising in the future, and so cannot purchase the Products she would like to.

**E.     No adequate remedy at law.**

43.     Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff is permitted to seek equitable remedies in the alternative because she has no adequate remedy at law.

44.     A legal remedy is not adequate if it is not as certain as an equitable remedy.  The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims.  For example, Plaintiff's FAL claim under Section 17501 (an equitable

claim) is predicated on a specific statutory provision, which prohibits advertising merchandise using a former price if that price was not the prevailing market price within the past 90 days. Cal. Bus. & Prof. Code § 17501. Plaintiff may be able to prove these more straightforward factual elements, and thus prevail under the FAL, while not being able to prove one or more elements of their legal claims. As a second example, to obtain damages under the CLRA, a plaintiff must show that they complied with the CLRA's notice requirement for damages. No such requirements exist to obtain restitution. Because a plaintiff must make this additional showing to obtain damages, rather than restitution, the legal remedies are more uncertain.

45. In addition, the remedies at law available to Plaintiff is not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

**V.     Class Action Allegations.**

46. Plaintiff brings the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased one or more RugsUSA Products advertised at a discount on Defendant's website.

- <u>California Subclass</u>: all persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more RugsUSA Products advertised at a discount on Defendant's website.

47. The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

1    *Numerosity & Ascertainability*

2    48.    The proposed class contains members so numerous that separate joinder of each

3    member of the class is impractical.  There are tens or hundreds of thousands of class members.

4    49.    Class members can be identified through Defendant's sales records and public notice.

5    ***Predominance of Common Questions***

6    50.    There are questions of law and fact common to the proposed class.  Common

7    questions of law and fact include, without limitation:

8    (1) whether Defendant made false or misleading statements of fact in its advertisements;

9    (2) whether Defendant violated California's consumer protection statutes;

10   (3) damages needed to reasonably compensate Plaintiff and the proposed class.

11   ***Typicality & Adequacy***

12   51.    Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff

13   purchased RugsUSA Products advertised at a discount on Defendant's website.  There are no

14   conflicts of interest between Plaintiff and the class.

15   ***Superiority***

16   52.    A class action is superior to all other available methods for the fair and efficient

17   adjudication of this litigation because individual litigation of each claim is impractical.  It would be

18   unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits,

19   every one of which would present the issues presented in this lawsuit.

20   **VI.    Claims.**

21   <u>**First Cause of Action:**</u>

22   **Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et. seq.**

23   **(By Plaintiff and the California Subclass)**

24   53.    Plaintiff incorporates each and every factual allegation set forth above.

25   54.    Plaintiff brings this cause of action on behalf of herself and members of the California

26   Subclass.

27   55.    Defendant has violated Sections 17500 and 17501 of the Business and Professions

28   Code.

56.     As alleged more fully above, Defendant advertises former prices on its website along with discounts.  Defendant does this, for example, by crossing out a higher price (e.g., ~~$109~~) and displaying it next to the discount price.

57.     The prices advertised as former prices by Defendant were not the true former prices of the Products.  Accordingly, Defendant's statements about the former prices of its Products were untrue and misleading.

58.     In addition, Defendant's former price advertisements did not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed.  Defendant's advertisements did not indicate whether or when the purported former prices were offered at all.

59.     As a result, Defendant violated, and continues to violate, Sections 17500 and 17501 to induce Plaintiff and the subclass to make purchases on its website based on the advertised former prices.

60.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing Defendant's Products.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

61.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

62.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

63.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased RugsUSA Products if they had known the truth, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## **<u>Second Cause of Action</u>:**

## **Violation of California's Consumer Legal Remedies Act**

## **(By Plaintiff and the California Subclass)**

64.     Plaintiff incorporates each and every factual allegation set forth above.

65.     Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

66.     Plaintiff and the subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

67.     Plaintiff and the subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

68.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

69.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members.  Defendant did this by using fake regular prices, i.e., regular prices that are not the prevailing prices, and by advertising fake discounts.

70.     Defendant violated, and continues to violate, Section 1770(a) of the California Civil Code.

71.     Defendant violated, and continues to violate, Section 1770(a)(5) of the California Civil Code by representing that Products offered for sale on its website have characteristics or benefits that they do not have.  Defendant represents that the value of its Products is greater than it actually is by advertising inflated regular prices and fake discounts for the Products.

72.     Defendant violated, and continues to violate, Section 1770(a)(9) of the California Civil Code.  Defendant violates this by advertising its Products as being offered at a discount, when in fact Defendant does not intend to sell the Products at a discount.

73.     And Defendant violated, and continues to violate, Section 1770(a)(13) by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions on its website, including by (1) misrepresenting the regular price of Products on its website, (2) advertising discounts and savings that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings are unusually large, when in fact they are regularly

available, and (4) misrepresenting the reason for the sale (e.g., "New Year's Sale," when in fact the sale is ongoing and not limited to the New Year).

74.    Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

75.    Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the Products.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

76.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

77.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

78.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased RugsUSA Products if they had known that the discounts and/or regular prices were not real, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

79.    Accordingly, pursuant to California Civil Code § 1780(a)(2), Mrs. Lee, on behalf of herself and all other members of the subclass, seeks injunctive relief.

80.    CLRA § 1782 NOTICE.  On May 17, 2023, a CLRA demand letter was sent to Defendant's New Jersey headquarters and California location via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.  Defendant does not have a California headquarters.  If Defendant does not fully correct the problem for Plaintiff and for each member of the California Subclass within 30 days of receipt, Plaintiff and the California Subclass will seek all monetary relief allowed under the CLRA.

81.    A CLRA venue declaration is attached.

**Third Cause of Action:**

**Violation of California's Unfair Competition Law**

**(By Plaintiff and the California Subclass)**

82.     Plaintiff incorporates each and every factual allegation set forth above.

83.     Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

84.     Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

***The Unlawful Prong***

85.     Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here.  In addition, Defendant engaged in unlawful conduct by violating the FTCA.  The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" and prohibits the dissemination of false advertisements.  15 U.S.C. § 45(a)(1), 15 U.S.C. § 52(a).  As the FTC's regulations make clear, Defendant's false pricing schemes violate the FTCA.  16 C.F.R. § 233.1, § 233.2.

***The Deceptive Prong***

86.     As alleged in detail above, Defendant's representations that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts were false and misleading.

87.     Defendant's representations were misleading to Plaintiff and other reasonable consumers.

88.     Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

***The Unfair Prong***

89.     As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts.

90.     Defendant violated established public policy by violating the CLRA, the FAL, and the FTCA, as alleged above and incorporated here.  The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

91.     The harm to Plaintiff and the subclass greatly outweighs the public utility of Defendant's conduct.  There is no public utility to misrepresenting the price of a consumer product.  This injury was not outweighed by any countervailing benefits to consumers or competition.  Misleading consumer products only injure healthy competition and harm consumers.

92.     Plaintiff and the subclass could not have reasonably avoided this injury.  As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiff.

93.     Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

\* \* \*

94.     For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing RugsUSA Products.  Defendant's representations were a substantial factor in Plaintiff's purchase decision.

95.     In addition, subclass-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy RugsUSA Products.

96.     Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

97.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased RugsUSA Products if they had known that they were not discounted, and/or (b) they overpaid for the Products because the Products were sold at the regular price and not at a discount.

### Fourth Cause of Action:

### Quasi-Contract/Unjust Enrichment

### (By Plaintiff and the Nationwide Class)

98.     Plaintiff incorporates each and every factual allegation set forth above.

99.     Plaintiff brings this cause of action on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this claim on behalf of herself and the California Subclass.

100.    As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the class to purchase RugsUSA Products and to pay a price premium for these Products.

101.    In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

102.    Plaintiff and the class seek restitution.

**Fifth Cause of Action:**

**Negligent Misrepresentation**

**(By Plaintiff and the California Subclass)**

103.    Plaintiff incorporates each and every factual allegation set forth above.

104.    Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

105.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised on its website.

106.    These representations were false.

107.    When Defendant made these misrepresentations, it knew or should have known that they were false.  Defendant had no reasonable grounds for believing that these representations were true when made.

108.    Defendant intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

109.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

110.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

111.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased RugsUSA Products if they had known that the

representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

**Sixth Cause of Action:**

**Intentional Misrepresentation**

**(By Plaintiff and the California Subclass)**

112.  Plaintiff incorporates each and every factual allegation set forth above.

113.  Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

114.  As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised on its website.

115.  These representations were false.

116.  When Defendant made these misrepresentations, it knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

117.  Defendant intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

118.  In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

119.  Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

120.  Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased RugsUSA Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

**VII.  Demand For Jury Trial.**

121.  Plaintiff demands the right to a jury trial on all claims so triable.

## VIII. Relief.

122.  Plaintiff seeks the following relief for herself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: May 17, 2023

Respectfully submitted,

By: /s/ *Christin Cho*

Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Grace Bennett (Cal. Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*